**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE KNOXVILLE DIVISION**

| | |
|---|---|
| **RAGNAR HALL, Deceased by and through his Next Friends and Parents, REBECCA HALL and BOBBY HALL, JR., and REBECCA HALL, and BOBBY HALL, JR., individually,**<br><br>Plaintiffs<br><br>vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant | **NO. ____________________** |

## ORIGINAL COMPLAINT

Plaintiff Ragnar Hall, Deceased, by and through his Next Friends and Parents, Rebecca Hall and Bobby Hall, Jr., and Rebecca Hall and Bobby Hall, Jr. Individually, brings this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiffs complain of the United States and would show the following.

## PARTIES

1. This case arises out of bodily injuries caused in whole or in part by agents and employees of the United States and Dayspring Health, Inc. This complaint is being filed pursuant to the United States District Court's Order, in cause number 3:20-CV-00257-DCLC docket entry number 35, March 29, 2021.

2. Plaintiff Rebecca Hall is the natural mother and next of kin of the minor Plaintiff decedent, Ragnar Hall**.** She brings this action individually and as the personal representative of Ragnar Hall and is the proper person to do so in her representative capacity. At all pertinent times, Plaintiff was a resident of Campbell County, Tennessee.

3. Bobby Hall, Jr. is the natural father and next of kin of the minor Plaintiff decedent, Ragnar Hall. He brings this action individually and as the natural parent of Ragnar Hall and is the proper person to do so in his representative capacity. At all pertinent times, Plaintiff was a resident of Campbell County, Tennessee.

4. Defendant is the United States of America.

## JURISDICTION, SERVICE & VENUE

5. This Federal District Court has jurisdiction because this action is brought under 28 U.S.C. § 2671–80, commonly known as the Federal Tort Claims Act.

6. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney, Francis M. (Trey) Hamilton,

III, United States Attorney for the Eastern District of Tennessee, by certified mail, return receipt requested at his office:

> The United States Attorney's Office
> Attn: Civil Process Clerk
> 800 Market Street, Suite 211
> Knoxville, Tennessee 37902

7. Service is also affected by serving a copy of the Summons and Complaint on, Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at:

> The Attorney General's Office
> ATTN: Civil Process Clerk
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

8. Venue is proper in this judicial district under 28 U.S.C. § 1402(b) because the United States of America is a defendant and the acts and omissions complained of in this lawsuit occurred in this judicial district.

## AGENCY

9. This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671–80, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for Dayspring

Health, Inc., while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

10. Dayspring Health, Inc. is an agency of the United States of America.

James W. Killian, M.D., Daniel E. Yoder, M.D. and Geogy Thomas, M.D. were employees of Dayspring Health, Inc. and were also agents/employees of United States of America

11. The United States of America, through its agency, the Dayspring Health, Inc., at all times material to this lawsuit, owned, operated, and controlled the Dayspring Clinic and provided care to patients at Jellico Community Hospital through its agents, servants, or employees including but not limited to Killian, Yoder, and Thomas.

12. At all times material to this lawsuit, all medical providers involved in the care and treatment of Rebecca Hall and Ragnar Hall, deceased were acting within the course and scope of their employment with Dayspring Health, Inc. when providing treatment to Rebecca Hall and Ragnar Hall.

13. Dayspring Health, Inc. provided care and treatment to Rebecca Hall and Ragnar Hall, deceased. Rebecca Hall and Ragnar Hall, deceased were patients of Dayspring Health, Inc. and Dayspring Health, Inc. and its providers had a doctor-

patient relationship with Rebecca Hall and Ragnar Hall, deceased, including where they received care at Jellico Community Hospital.

## JURISDICTIONAL PREREQUISITES

14. This matter was originally pending in the United States District Court for the Eastern District of Tennessee under docket number 3:20-CV-00257-DCLC. The District Court dismissed that matter without prejudice and instructed that Plaintiff should exhaust their administrative remedies and file a second complaint in Federal Court without encountering statute of limitations issues. (Docket Entry # 35). Thus, pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to U.S. Department of Health and Human Services / Dayspring Health, Inc. on May 6, 2021 and received by the U.S. Department of Health and Human Services / Dayspring Health, Inc. on May 10, 2021. The Department of Health and Human Services denied via certified mail the administrative claim of Ragnar Hall by letter dated June 2, 2021.

15. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

16. Rebecca Hall was a 27-year-old female who became pregnant in late 2017 with an estimated due date of July 2018.

17. On June 28, 2018 at approximately 7:00 a.m., when Rebecca was approximately 39 weeks gestation, she presented to Jellico Community Hospital with complaints of contractions. Upon examination she was found to be dilated 9 cm with membranes intact.

18. At approximately 8:30 a.m. Rebecca's membranes were ruptured by Dr. James Killian. It was noted that there was a moderate amount of thick meconium.

19. Ragnar Hall was delivered by Dr. James Killian at 9:27 a.m. with Apgars of 6, 6 and 5. He was suctioned at the perineum as well as immediately after delivery. Shortly after birth his heartrate dropped to 60.

20. Due to Ragnar's deteriorating condition, he was placed in the warmer and suctioned. Upon information and belief, Doctors Yoder, Killian, and Thomas participated in the resuscitation of Ragnar Hall. Sometime between Ragnar's birth and 10:10 a.m., he was intubated. A chest x-ray was done at 10:10 a.m. and showed that the tube was in the wrong place and reposition was recommended; a pneumothorax was also identified. A second chest x-ray was performed at 10:16 a.m. that showed that the tube was still incorrectly placed, and the pneumothorax remained. The results from the second x-ray were discussed with Dr. Killian at 10:49.

21. Ragnar's condition persisted, and a blood gas was performed at 11:25 had a pH of less than 6.5 and a base excess that was incalculable. Resuscitation efforts were discontinued and Ragnar died at approximately 12:03 from respiratory failure and meconium aspiration syndrome.

22. As a result of the deviations of the standard of care by Defendants, either directly or through their agents, apparent agents, servants, or employees, Ragnar Hall sustained severe and painful injuries and damages and untimely death.

23. At all times pertinent herein, the Defendants were responsible either directly or through their agents, apparent agents, servants, or employees for the care provided to Ragnar Hall and Rebecca Hall.

## ACTS OF NEGLIGENCE

24. Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects:

(a) Negligently and carelessly failing to exercise that degree of care and caution as required of reasonable, prudent, healthcare providers, under the same or similar circumstances;

(b) Negligently and carelessly deviating from the standard of care that is required and expected of Defendants as they existed under the circumstances;

(c) Negligently and inappropriately failing to obtain Rebecca Hall's informed consent;

(d) Negligently and carelessly failing to timely and properly assess the medical condition of Rebecca Hall and her unborn son, Ragnar;

(e) Negligently and carelessly failing to appropriately manage Rebecca Hall's labor and delivery;

(f) Negligently and carelessly failing to timely intervene to save the life of the infant Ragnar Hall, including appropriate resuscitative measures and preparations for same;

(g) Negligently acting with less than, or failing to act with ordinary and reasonable care in accordance with the recognized standard of care of acceptable professional practice;

25. Had the health care providers adhered to the requisite standard of care, and timely evaluated and intervened, the Minor Plaintiff would not have suffered severe injuries and untimely death.

26. At all times relevant to this lawsuit, the officers, employees, agents, or representatives of the United States were negligent and caused the injuries and damages sustained by the Plaintiff.

## INJURIES AND DAMAGES

27. The Minor Plaintiff, Ragnar Hall, as a direct and proximate result of one or more of the above acts of negligence, suffered the following injuries and damages which would not have occurred but for the Defendant's negligence, including:

a. Severe, permanent and irreparable brain damage;
b. Great fright and shock;
c. Great physical pain and suffering;

d. Great mental and emotional anguish;
e. Large medical expenses;
f. Untimely and wrongful death; and
g. All other damages recoverable under the laws of Tennessee.

28. Plaintiff, Rebecca Hall, as a direct and proximate result of one or more of the above acts of negligence, suffered the following injuries and damages which would not have occurred but for the Defendant's negligence, including:

a. Great fright and shock;
b. Great physical pain and suffering;
c. Great mental and emotional anguish;
d. Large medical expenses;
e. Loss of future services, society, and consortium; and
f. Severe emotional distress in her role as a parent and caregiver to her minor child as recognized in Henderson v. Vanderbilt University, No. M201601876 COAR9CV, 2019 WL 2361948 (Tenn. Ct. App. May 31, 2017).

29. Plaintiff, Bobby Hall, Jr. as a direct and proximate result of one or more of the above acts of negligence, suffered the following injuries and damages which would not have occurred but for the Defendant's negligence, including:

a. Great fright and shock;
b. Great physical pain and suffering;
c. Great mental and emotional anguish;
d. Large medical expenses;
e. Loss of future services, society, and consortium; and
f. Severe emotional distress in her role as a parent and caregiver to her minor child as recognized in Henderson v. Vanderbilt

University, No. M201601876 COAR9CV, 2019 WL 2361948 (Tenn. Ct. App. May 31, 2017).

## COMPLIANCE WITH TN ST § 29-26-121 AND 29-26-122

30. While Tennessee Statute § 29-26-122 is a procedural statute inapplicable in a FTCA lawsuit in federal court, out of an abundance of caution, Plaintiff is filing a certificate of good faith contemporaneously with this Complaint, as well as proof of notice mailed required by 29-26-121 which are attached hereto.

## RELIEF REQUESTED

31. Plaintiffs request that the United States be cited in terms of law to appear and answer this lawsuit. Upon final trial, Plaintiffs seek judgment against the United States in the amount of Twenty Million Dollars ($20,000,000.00) and for such other and different amounts that they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in the prosecution of this lawsuit; and for such other relief, in law or equity, both general and special, to which the Plaintiffs may show themselves entitled to and to which the Court believes deserving.

Respectfully Submitted,

s/ Timothy Holton
TIMOTHY HOLTON
TN State Bar #11832
HOLTON LAW FIRM, PLLC
296 Washington Avenue
Memphis, TN 38103
(901) 523-2222 (o)

Attorney for the Plaintiff

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the foregoing document, has been served upon the following:

Edward G. White
Bart C. Williams
Hodges, Doughty & Carson
617 Main Street
PO Box 869
Knoxville, TN 37901

Dixie Cooper
James Sperring
Gideon Cooper & Essary
315 Deaderick Street, Suite 1100
Nashville, Tennessee 37238

Charles Sharrett
Heidi Barcus
London & Amburn, P.C.
607 Market Street, Suite 900
Knoxville, Tennessee 37902

This 30th day of **November, 2021.**

s/Timothy Holton